**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **CASE NO. 19-94** |
| **DWAYNE WINANS** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Defendant Dwayne Winans, Jr.'s ("Winans") "Motion to Dismiss Indictment with Prejudice."[1] Winans moves the Court to dismiss the Indictment with prejudice based on alleged violations of the Speedy Trial Act and Winans' Sixth Amendment right to a speedy trial.[2] The Government opposes the motion.[3] Oral argument on the motion was held on August 15, 2019.[4] Having considered the motion, the memoranda in support and opposition, the arguments made during oral argument, the record, and the applicable law, the Court will deny the motion.

## I. Background

On October 6, 2016, Defendant Dwayne Winans, Jr. was charged by an Indictment in the Eastern District of Louisiana under Case No. 16-CR-175 with bank robbery in violation of 18 U.S.C. § 2113(a) for the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans,

---

[1] Rec. Doc. 15

[2] Rec. Doc. 15-1 at 1.

[3] Rec. Doc. 29.

[4] Rec. Doc. 33.

Louisiana, on August 4, 2016.[5] On January 26, 2017, Winans and co-defendant Bryson Tuesno ("Tuesno") were charged by a Superseding Indictment.[6] In the Superseding Indictment, Winans was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One, Four, and Five), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts Two and Three), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Six).[7] On April 13, 2017, Winans and Tuesno were charged by a Second Superseding Indictment.[8] In the Second Superseding Indictment, Winans was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (Counts One, Six, and Eight), two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts Two and Four), four counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Three, Five, Seven, and Nine), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Ten).[9] Count One of the Second Superseding Indictment charged Winans for the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans, Louisiana, on August 4, 2016.[10]

On December 8, 2017, Winans filed a "Motion and Incorporated Memorandum to Dismiss All Counts Against the Defendant."[11] In the motion, Winans argued that the Indictment should be dismissed because it was filed more than 30 days after his arrest in violation of the Speedy Trial

---

[5] Case No. 16-CR-175, Rec. Doc. 9.

[6] Case No. 16-CR-175, Rec. Doc. 23.

[7] *Id.*

[8] Case No. 16-CR-175, Rec. Doc. 53.

[9] *Id.*

[10] *Id.*

[11] Case No. 16-CR-175, Rec. Doc. 102.

Act.[12] On December 21, 2017, the Court denied the motion.[13] Although 44 days elapsed between Winans' arrest and indictment, the Court found that 10 days were excludable under the Speedy Trial Act for the transportation of Winans from the Middle District of Florida to the Eastern District of Louisiana and five days were excludable during the pendency of the motion for detention.[14] Therefore, the Court concluded that the Indictment was filed 29 "countable" days after Winans' arrest, and was timely under the Speedy Trial Act.[15]

On January 3, 2018, the Court granted Winans' motion to sever Count One of the Second Superseding Indictment from the remaining counts.[16] On April 23, 2018, Winans proceeded to trial on Counts Two through Ten.[17] On April 26, 2018, the jury returned a verdict finding Winans guilty of Counts Two through Nine and not guilty of Count Ten.[18] At that time, the Government did not move to have a trial date set for Count One. On September 24, 2018, the Government filed a motion to set a trial date for Count One,[19] which the Court granted on September 25, 2018.[20]

On October 24, 2018, Winans filed a motion seeking dismissal of Count One of the Second Superseding Indictment due to a violation of the Speedy Trial Act.[21] On November 21, 2018, the

---

[12] *Id.* at 3.

[13] Case No. 16-CR-175, Rec. Doc. 123.

[14] *Id.* at 10.

[15] *Id.*

[16] Case No. 16-CR-175, Rec. Doc. 143.

[17] Case No. 16-CR-175, Rec. Doc. 199.

[18] Case No. 16-CR-175, Rec. Doc. 204.

[19] Case No. 16-CR-175, Rec. Doc. 250.

[20] Case No. 16-CR-175, Rec. Doc. 251.

[21] Case No. 16-CR-175, Rec. Doc. 260.

Government filed an opposition to the motion.[22] On December 14, 2018, the Court granted the motion and dismissed Count One of the Second Superseding Indictment because the Speedy Trial Act was violated.[23] The Court found that the 70-day limit to bring Winans to trial on Count One started to run when trial on Counts Two through Ten ended on April 26, 2018, and expired July 5, 2018.[24] Considering "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice," the Court concluded that the dismissal would be without prejudice.[25]

On May 16, 2019, Winans was charged by an Indictment in the Eastern District of Louisiana under Case No. 19-CR-94 with bank robbery in violation of 18 U.S.C. § 2113(a) for the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans, Louisiana, on August 4, 2016.[26]

On July 11, 2019, Winans filed the instant "Motion to Dismiss Indictment with Prejudice."[27] On July 30, 2019, the Government filed an opposition to the motion.[28] Oral argument on the motion was held on August 15, 2019.[29]

---

[22] Case No. 16-CR-175, Rec. Doc. 279.

[23] Case No. 16-CR-175, Rec. Doc. 281.

[24] *Id.* at 14.

[25] *Id.* at 17 (quoting 18 U.S.C. § 3162(a)(2)).

[26] Rec. Doc. 1.

[27] Rec. Doc. 15.

[28] Rec. Doc. 29.

[29] Rec. Doc. 33.

In the interim, on July 18, 2019, Winans was charged by a Superseding Indictment with attempted bank robbery in violation of 18 U.S.C. § 2113(a) (Count One) and bank robbery in violation of 18 U.S.C. § 2113(a) (Count Two).[30] Count Two of the Superseding Indictment charges Winans with the alleged robbery of Fidelity Bank, 5530 Crowder Boulevard, New Orleans, Louisiana, on August 4, 2016.[31]

## II. Parties' Arguments

### A. Winans' Arguments in Support of the Motion to Dismiss

In the instant motion, Winans moves the Court to dismiss the Indictment with prejudice based on alleged violations of the Speedy Trial Act and Winans' Sixth Amendment right to a speedy trial.[32] Winans raises four arguments in the instant motion: (1) Winans argues that the charges against him should be dismissed because the October 6, 2016 Indictment was untimely; (2) Winans contends that the charges against him should be dismissed because the May 16, 2019 Indictment was untimely; (3) Winans asserts that the Court should reconsider its prior decision dismissing Count One of the Second Superseding Indictment in Case No. 16-CR-175 without prejudice; and (4) Winans argues that the charges against him should be dismissed because his Sixth Amendment right to a speedy trial was violated.[33]

First, Winans argues that the October 6, 2016 Indictment was untimely because it was filed 44 days after his arrest.[34] Winans acknowledges that the Court addressed this issue in its

---

[30] Rec. Doc. 19.

[31] *Id.*

[32] Rec. Doc. 15 at 1.

[33] Rec. Doc. 15-1 at 4–16.

[34] *Id.* at 4–8.

December 21, 2017 Order denying the "Motion and Incorporated Memorandum to Dismiss All Counts Against the Defendant," which was filed in Case No. 16-CR-175.[35] Nevertheless, Winans asserts that this Court erred in denying that motion.[36] Specifically, Winans argues that a maximum of 13 days—three days for a continuance of the detention hearing and 10 days for the transportation of Winans to the Eastern District of Louisiana—were excludable from the 44 day period under the Speedy Trial Act.[37] Therefore, after excluding those 13 days, Winans contends that 31 days elapsed between his arrest and Indictment, requiring dismissal of the Indictment.[38]

Furthermore, Winans argues that three days should not be excluded for the continuance of the detention hearing because the Government did not move for detention on August 24, 2016.[39] Additionally, Winans argues that "the Government should not be credited with a 10 day delay for the time 'resulting from transportation of any defendant from another district,' as the Government has not established the transportation time was ten days or more or that the delay was reasonable."[40] Therefore, Winans argues that 44 days elapsed between his arrest and indictment, requiring dismissal of the charge.[41]

Second, Winans contends that the Government's May 16, 2019 Indictment was untimely.[42]

---

[35] *Id.* at 5.

[36] *Id.*

[37] *Id.* at 6.

[38] *Id.*

[39] *Id.* at 7.

[40] *Id.* at 8.

[41] *Id.*

[42] *Id.*

Winans argues that pursuant to 18 U.S.C. § 3161(d)(1) the Government had 30 days to re-indict Winans after the Court dismissed Count One on December 14, 2018.[43] Because the Government waited 153 days after the dismissal to re-indict Winans, he argues that the May 16, 2019 Indictment must be dismissed.[44]

Third, and in the alternative, Winans argues that the Court should reconsider its prior decision dismissing Count One of the Second Superseding Indictment in Case No. 16-CR-175 without prejudice.[45] Although Winans acknowledges that bank robbery is a serious offense, he argues that "the fact that [he] was subsequently sentenced to 30 years in prison for Counts 2 to 9 renders the offense less significant in relative terms and less likely to have a significant overall impact on [] Winans' ultimate prison sentence."[46] Winans also argues that "the consequence of the dismissal without prejudice is that [] Winans has suffered a far greater delay than he would have had the Court not found the Speedy Trial Act violation."[47] According to Winans, "allowing this reprosecution more than seven months after the Court granted [his] speedy trial motion is inconsistent with the administration of the Speedy Trial Act and the administration of justice."[48] Furthermore, Winans argues that he has been prejudiced by the delay because his former attorney, Robert Toale, has withdrawn from the case, and because he has remained in custody of the United States Marshal's Service and incarcerated at a local parish jail rather than being transferred to a

---

[43] *Id.*

[44] *Id.* at 9.

[45] *Id.* at 11.

[46] *Id.*

[47] *Id.* at 12.

[48] *Id.*

Bureau of Prisons facility.[49]  For these reasons, Winans asserts that the Court should reconsider the December 14, 2018 ruling and dismiss Count One with prejudice.[50]

Fourth, Winans argues that the Indictment should be dismissed because his Sixth Amendment right to a speedy trial was violated.[51]  Winans notes that he has been facing these charges for nearly three years.[52]  Winans asserts that the delays over the past year are entirely attributable to the Government, as it could have brought Winans to trial on Count One shortly after his April 2018 trial.[53]  Additionally, Winans notes that he has been asserting his speedy trial rights since as early as December 8, 2017, and has been prejudiced by the delay.[54]  Accordingly, Winans argues that the Court should dismiss the Indictment.[55]

## B.   *The Government's Arguments in Opposition to the Motion to Dismiss*

In response, the Government argues it timely re-indicted Winans well within the five-year statute of limitations.[56]  The Government argues that "Winans's instant motion is moot. The original Count One was dismissed, without prejudice, so Winans received the remedy he now, redundantly seeks."[57]

---

[49] *Id.*

[50] *Id.* at 14.

[51] *Id.*

[52] *Id.* at 15.

[53] *Id.*

[54] *Id.* at 16.

[55] *Id.*

[56] Rec. Doc. 29 at 2.

[57] *Id.*

According to the Government, 18 U.S.C. § 3161(d)(1) only requires that a defendant be indicted within 30 days following a new arrest on previously dismissed charges.[58] Furthermore, the Government asserts that "Winans is mistaken when he alleges that, because he is presently doing time on the other charges for which he was tried, he must be 'under arrest' for the present charges."[59]

The Government argues that if it "had arrested Winans before it charged him on the fresh indictment, it would have had thirty days from that arrest to bring forth the indictment. However, because the government indicted Winans, without first 'arresting' him for the Fidelity job there is no thirty-day question, and the only time frame that applies is the five-year limitations."[60] In support, the Government cites *United States v. McCown* where the Ninth Circuit stated that "courts have interpreted [Section 3161(d)] to mean that, where the indictment is dismissed upon motion of the defendant, the slate is wiped clean, and any subsequent step toward prosecution of the defendant causes the time period to begin running anew."[61]

Because Count One of the Second Superseding Indictment was dismissed without prejudice, the Government argues that "'the slate was wiped clean,' so Winans could not have been under arrest for that charge."[62] Therefore, after Count One of the Second Superseding Indictment was dismissed, the Government argues that Winans was released as to that charge, and "[t]he fact that he was incarcerated on separate, distinct charges for which he was tried and

---

[58] *Id.* at 3.

[59] *Id.* at 4.

[60] *Id.* at 5 (citing *United States v. Petak*, 623 F. Supp. 74, 76 (S.D. Tex. 1985)).

[61] *Id.* (citing *United States v. McCown*, 711 F.2d 1441, 1446 (9th Cir. 1983)).

[62] *Id.*

convicted is irrelevant to this challenge."[63] Accordingly, the Government asserts that Winans'
motion to dismiss should be denied.[64]

### III. Legal Standard

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy
the right to a speedy and public trial. . . ." "A literal reading of the Amendment suggests that this
right attaches only when a formal criminal charge is instituted and a criminal prosecution
begins."[65] "Any undue delay after charges are dismissed, like any delay before charges are filed,
must be scrutinized under the Due Process Clause, not the Speedy Trial Clause."[66] The Speedy
Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial, and
also to serve the public's interest in prompt criminal proceedings."[67] Under the Speedy Trial Act,
"if charges are initially dismissed and later reinstated, the period between the dismissal and the
reinstatement is not to be included in computing the time within which a trial must commence."[68]

### IV. Analysis

Winans raises four arguments in the instant motion: (1) Winans argues that the charges
against him should be dismissed because the October 6, 2016 Indictment was untimely; (2) Winans
contends that the charges against him should be dismissed because the May 16, 2019 Indictment

---

[63] *Id.* at 6.

[64] *Id.*

[65] *United States v. MacDonald*, 456 U.S. 1, 7 (1982).

[66] *Id.*

[67] *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) (citing *United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007)).

[68] *MacDonald*, 456 U.S. at 7, n.7.

was untimely; (3) Winans asserts that the Court should reconsider its prior decision dismissing Count One of the Second Superseding Indictment in Case No. 16-CR-175 without prejudice; and (4) Winans argues that the charges against him should be dismissed because his Sixth Amendment right to a speedy trial was violated.[69] During oral argument, Winans raised an additional argument that the Court should dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 48(b) because there was an unnecessary delay in bringing him to trial.[70]

### A.     Whether the October 6, 2016 Indictment was Timely

First, Winans argues that the October 6, 2016 Indictment was untimely because it was filed 44 days after his arrest.[71] The Government's memorandum does not respond to this argument. During oral argument, the Government asserted that the Court's December 21, 2017 Order was correct and that nothing raised by Winans in the instant motion requires reconsideration of that Order.[72]

Winans is essentially seeking reconsideration of this Court's December 21, 2017 Order denying Winans' "Motion and Incorporated Memorandum to Dismiss All Counts Against the Defendant," which was filed in Case No. 16-CR-175. The Fifth Circuit has recognized that "[a] motion for reconsideration in a criminal proceeding is a legitimate procedural device."[73] "Such a

---

[69] Rec. Doc. 15 at 4–16.

[70] Realtime Hearing Transcript, August 15, 2019 at p. 67.

[71] Rec. Doc. 15 at 4–8.

[72] RealTime Hearing Transcript, August 15, 2019 at pp. 24–27.

[73] *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)).

motion is timely if it is filed within the period allotted for noticing an appeal."[74] Winans never requested reconsideration of the December 21, 2017 Order while Case No. 16-CR-175 was pending before this Court, and that case is currently on appeal. Therefore, the appellate process appears to be the appropriate means of challenging the December 21, 2017 Order. Moreover, for the reasons set forth in the Court's December 21, 2017 Order, the October 6, 2016 Indictment was not untimely.

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[75] Should the Government fail to file an indictment or information within thirty days after the defendant's arrest, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."[76]

The Speedy Trial Act excludes certain periods of delay, however, in computing the 30-day window.[77] Specifically, the Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant," including but not limited to "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[78] In *United States v. Gonzalez-Rodriguez*, the Fifth Circuit held that the Government's oral motion for pretrial detention constituted a "pretrial motion," and was therefore

---

[74] *Id.* (citing *United States v. Brewer*, 60 F.3d 1142, 1143–44 (5th Cir. 1995)).

[75] 18 U.S.C. § 3161(b).

[76] 18 U.S.C. § 3162(a)(1).

[77] 18 U.S.C. § 3161(h).

[78] 18 U.S.C. § 3161(h)(1)(D).

excludable under the Speedy Trial Act.[79] The Speedy Trial Act also excludes "delay resulting from transportation of any defendant from another district . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."[80]

In Case No. 16-CR-175, the parties did not dispute that Winans was indicted 44 days after his arrest in Jacksonville, Florida, on August 23, 2016.[81] The Court found that ten days were excludable under 18 U.S.C. § 3161(h)(1)(F) for the delay resulting from the transportation of Winans from Jacksonville, Florida, to New Orleans, Louisiana.[82] Additionally, the Court found that at least five days were excludable as a delay resulting from a pretrial motion.[83] The Court cited a minute entry from the initial appearance hearing held in Jacksonville, Florida, on Wednesday, August 24, 2016.[84] The minute entry reflects that the Government orally moved for pretrial detention on August 24, 2016, and the court continued the hearing until Monday, August 29, 2016.[85] The detention hearing ultimately was not held until September 30, 2016, after Winans was transferred to the Eastern District of Louisiana, because Winans' counsel "advised of [Winans'] desire to waive his identity hearing and have his detention hearing held in the

---

[79] *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368–69 (5th Cir. 2010).

[80] 18 U.S.C. § 3161(h)(1)(F).

[81] Case No. 16-CR-175, Rec. Doc. 123 at 9.

[82] *Id.*

[83] *Id.* at 10.

[84] *Id.* at 9.

[85] Case No. 16-CR-175, Rec. Doc. 3 at 2.

prosecuting district."[86]

In Case No. 16-CR-175, Winans argued that the delay in holding the detention hearing violated the Bail Reform Act.[87] The Bail Reform Act permits no more than a three-day delay of a detention hearing on motion from the Government or a five-day delay on motion from the defendant absent "good cause."[88] However, this time period does not include "any intermediate Saturday, Sunday, or legal holiday."[89] The Court counted the five days between the Government's motion for pretrial detention on Wednesday, August 24, 2016 and the continuance of the hearing to Monday, August 29, 2016—when Winans consented to a detention hearing being held in New Orleans—as excludable under the Speedy Trial Act.[90]

In the instant motion, Winans raises a new argument that this period should not be excluded because the Government did not move for detention on August 24, 2016.[91] In support, Winans cites a transcript of the hearing held in the Middle District of Florida, Jacksonville Division on August 24, 2016.[92] During the hearing, the following exchange occurred between the court and the Assistant United States Attorney ("AUSA"):

> THE COURT: Welcome, Counselor. What's the Government's position with respect to bail?

---

[86] *Id.* at 5.

[87] Case No. 16-CR-175, Rec. Doc. 123 at 10.

[88] 18 U.S.C. § 3142(f)(2).

[89] *Id.*

[90] In the *pro se* arguments Winans has made to the Court, Winans appears to assert that because the Bail Reform Act excludes weekends and holidays that only three days should be counted as excludable under the Speedy Trial Act. This argument is without merit because the Speedy Trial Act, unlike the Bail Reform Act, does not direct that weekends and holidays are excluded. *See* Rec. Doc. 34.

[91] Rec. Doc. 15 at 7.

[92] *Id.* at 6. Winans did not previously present the August 24, 2016 transcript as evidence.

[AUSA] GLOBER: Your Honor, we will be seeking detention, and would request that the hearing be held over until Monday, if that's acceptable, Your Honor.
THE COURT: All right. The Government is seeking detention.[93]

Winans argues that the AUSA's use of the future tense ("we will be seeking detention") indicates that she was not orally moving for detention at that time.[94] However, this is clearly not how the court in Jacksonville understood the interaction, as the judge responded in the present tense that "[t]he Government is seeking detention."[95] Additionally, the minute entry from the proceeding reflects that the Government orally moved for pretrial detention, and requested a continuance of the detention hearing until Monday, August 29, 2016.[96] Therefore, Winans has not shown that the Court erred in counting the five days between the Government's motion for pretrial detention on Wednesday, August 24, 2016, and a continuance of the detention hearing to Monday, August 29, 2016 as excludable under the Speedy Trial Act.

Additionally, Winans argues for the first time that "the Government should not be credited with a 10 day delay for the time 'resulting from transportation of any defendant from another district,' as the Government has not established the transportation time was ten days or more or that the delay was reasonable."[97] Winans cites no authority to support this assertion. The Speedy Trial Act excludes "delay resulting from transportation of any defendant from another district . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be

---

[93] Rec. Doc. 15-4 at 8.

[94] Rec. Doc. 15 at 6.

[95] Rec. Doc. 15-4 at 8.

[96] Case No. 16-CR-175, Rec. Doc. 3 at 2.

[97] Rec. Doc. 15 at 8.

unreasonable."[98] Here, the magistrate judge in the Middle District of Florida signed an Order committing Winans to the Eastern District of Louisiana on August 30, 2016.[99] The record from the Middle District of Florida reflects that the case was transferred from the Middle District of Florida to the Eastern District of Louisiana ten days later, on September 9, 2016.[100] Although it admittedly took longer than ten days for Winans to arrive in the Eastern District of Louisiana, the Court only excluded ten days because days beyond ten are presumed to be unreasonable. Therefore, Winans has not shown that the Court erred finding that ten days were excludable under 18 U.S.C. § 3161(h)(1)(F) for the delay resulting from the transportation of Winans from Jacksonville, Florida, to New Orleans, Louisiana. Accordingly, Winans has not shown that the Court's December 22, 2017 Order was erroneous or that reconsideration of the Order is warranted.

**B.      *Whether the May 16, 2019 Indictment was Timely***

Second, Winans contends that the Government's May 16, 2019 Indictment was untimely.[101] Winans argues that pursuant to 18 U.S.C. § 3161(d)(1) the Government had 30 days to re-indict Winans after the Court dismissed Count One on December 14, 2018.[102] Because the Government waited 153 days after the dismissal to re-indict Winans, he argues that the May 16, 2019 Indictment must be dismissed.[103] In response, the Government argues it timely re-indicted

---

[98] 18 U.S.C. § 3161(h)(1)(F).

[99] Case No. 16-CR-175, Rec. Doc. 3 at 10.

[100] *Id.* at 15.

[101] Rec. Doc. 15 at 8.

[102] *Id.*

[103] *Id.* at 9.

16

Winans well within the five-year statute of limitations.[104] According to the Government, 18 U.S.C. § 3161(d)(1) only requires that a defendant be indicted within 30 days following a new arrest on previously dismissed charges.[105] Therefore, the Government argues that the only time limitation applicable here is the five-year statute of limitations.[106]

18 U.S.C. § 3161(d)(1) provides:

> If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(b) requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

The Fifth Circuit has recognized that "[u]nder § 3161(d)(1), when an indictment is dismissed on the defendant's motion, the subsequent return of an indictment triggers new statutory time periods."[107] Therefore, the time limits set forth by the Speedy Trial Act begin "to run anew from the date of the second arrest or charge."[108] The Ninth Circuit has also recognized that "where the indictment is dismissed upon motion of the defendant, the slate is wiped clean, and any

---

[104] Rec. Doc. 29 at 2.

[105] *Id.* at 3.

[106] *Id.* at 4.

[107] *United States v. Perez*, 845 F.2d 100, 103 (5th Cir. 1988).

[108] *Id.* at 104 (citing *United States v. Feldman*, 788 F.2d 544, 549 (9th Cir. 1986)).

subsequent step toward prosecution of the defendant causes the time period to begin running anew."[109]

On December 14, 2018, the Court dismissed Count One of the Second Superseding Indictment pending in Case No. 16-CR-175 because it found that a Speedy Trial Act violation had occurred. Winans argues that Section 3161(b) required that he be reindicted "within 30 days of dismissal if [the Government] is going to seek to reinstitute charges for the same offense based on the original or a subsequent complaint or arrest." However, Winans misinterprets Section 3161(b). As the Fifth Circuit has stated, the time limits set forth by the Speedy Trial Act begin "to run anew from the date of the second arrest or charge."[110] When the Court dismissed Count One, Winans was no longer "under arrest" as to that charge. There was no second arrest because when the Court dismissed Count One, Winans had already been convicted of Counts Two through Nine, and he remained incarcerated for those convictions. Therefore, the 30-day time limit set forth at Section 3161(b) is not applicable here, and the time limits set forth by the Speedy Trial Act began to run anew from the date that the instant Indictment was filed. Accordingly, Winans has not shown that the filing of the May 16, 2019 Indictment violated the Speedy Trial Act.

**C.** ***Whether the Court Should Reconsider its Prior Decision Dismissing Count One of the Second Superseding Indictment in Case No. 16-CR-175 Without Prejudice***

Next, Winans argues that the Court should reconsider its prior decision dismissing Count One of the Second Superseding Indictment in Case No. 16-CR-175 without prejudice.[111] The

---

[109] *United States v. McCown*, 711 F.2d 1441 (9th Cir. 1983) (citing *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980); *United States v. Hillegas*, 578 F.2d 453, 459–60 (2d Cir. 1978); *United States v. Sebastian*, 428 F. Supp. 967, 973 (W.D.N.Y.), *aff'd*, 562 F.2d 211 (2d Cir. 1977), *aff'd mem.*, 578 F.2d 1372 (2d Cir. 1978)).

[110] *Perez*, 845 F.2d at 104.

[111] Rec. Doc. 15 at 11.

Government's memorandum does not respond to this argument. During oral argument, the Government asserted that the Court's December 14, 2018 Order dismissing Count One without prejudice was correct and that nothing raised by Winans in the instant motion requires reconsideration of that Order.[112]

Winans essentially seeks reconsideration of this Court's December 14, 2018 Order dismissing Count One of the Second Superseding Indictment without prejudice. Winans never requested reconsideration of the December 14, 2018 Order while Case No. 16-CR-175 was pending before this Court, and that case is currently on appeal. Therefore, the appellate process appears to be the appropriate means of challenging the December 14, 2018 Order. Moreover, Winans has not shown that the Court erred in dismissing Count One without prejudice.

When a court determines that a speedy trial violation occurred, it must address whether dismissal will be with or without prejudice. In determining whether to dismiss the case with or without prejudice, the court shall consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice."[113]

As the Court noted in its prior Order, Winans has been charged with the very serious offense of bank robbery.[114] Additionally, the Court found that the Government's delay in bringing Winans to trial on Count One did not appear to be intentional or for an ulterior purpose.[115]

---

[112] RealTime Hearing Transcript, August 15, 2019 at pp. 54–57.

[113] 18 U.S.C. § 3162(a)(2).

[114] Case No. 16-CR-175, Rec. Doc. 281 at 15.

[115] *Id.*

Furthermore, the Court found that the Government made a good faith argument to support its assertion that the period of delay is excludable under the Speedy Trial Act.[116] Finally, the Court determined that Winans had not established that he suffered any prejudice because of the delay, and the Court found that allowing the Government to reindict Winans would not adversely impact the administration of the Speedy Trial Act or the administration of justice.[117]

Now, Winans argues that he has been prejudiced by the delay because his former attorney, Robert Toale, has withdrawn from the case, and because he has remained in custody of the United States Marshal's Service and incarcerated at a local parish jail rather than being transferred to a Bureau of Prisons facility.[118] However, even taking these facts into account, the Court finds that the balance of the factors still weigh in favor of a dismissal without prejudice. Therefore, Winans has not shown that the Court's December 14, 2018 Order was erroneous or that reconsideration of the Order is warranted.

**D.**     ***Whether the Indictment Should be Dismissed for a Violation of the Sixth Amendment or Pursuant to Rule 48(b)***

Fourth, Winans argues that the Indictment should be dismissed because his Sixth Amendment right to a speedy trial was violated.[119] The Government's memorandum does not respond to this argument. During oral argument, the Government asserted that Winans' Sixth Amendment right to a speedy trial has not been violated because there has been no showing of

---

[116] *Id.*

[117] *Id.* at 16–17.

[118] Rec. Doc. 15 at 13.

[119] *Id.*

significant delay or substantial prejudice to Winans.[120] Finally, during oral argument, Winans raised an additional argument that the Court should dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 48(b) because there was an unnecessary delay in bringing him to trial.[121]

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. . . ." The Speedy Trial Clause "was designed to protect three basic interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."[122] To determine whether a defendant's right to a speedy trial has been denied so as to justify the dismissal of the indictment, a court must evaluate and balance four factors: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay."[123]

The Supreme Court elaborated upon these four speedy trial factors in *Doggett v. United States*. "There, the Court noted that the first factor—the length of the delay—is a 'triggering mechanism' for determining whether the court is required to balance the remaining three [] factors."[124] "Although the *Doggett* Court did not specify a length that would suffice *per se*, it observed that the lower courts had generally found a one-year delay sufficient to warrant judicial

---

[120] RealTime Hearing Transcript, August 15, 2019 at pp. 72–77.

[121] *Id.* at 67.

[122] *Doggett v. United States*, 505 U.S. 647, 654 (1992) (citing *Barker v. Wingo*, 407 U.S. 514, 532 (1972) (internal quotation marks omitted)).

[123] *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003) (citing *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002); *Barker v. Wingo*, 407 U.S. at 530–33).

[124] *Id.* (citing *Doggett*, 505 U.S. at 651).

examination of the claim."[125]

> Pursuant to Federal Rule of Criminal Procedure 48(b):

> The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in:
>> (1) presenting a charge to a grand jury;
>> (2) filing an information against a defendant; or
>> (3) bringing a defendant to trial.

The Fifth Circuit has recognized that the same factors govern both a Sixth Amendment claim and a Rule 48(b) claim.[126]

Winans argues that all of these factors weigh in favor of dismissal. He notes that he has been facing these charges for nearly three years.[127] Winans asserts that the delays over the past year are entirely attributable to the Government, as it could have brought Winans to trial on Count One shortly after his April 2018 trial.[128] Additionally, Winans notes that he has been asserting his speedy trial rights since as early as December 8, 2017, and has been prejudiced by the delay.[129]

Although Winans was initially charged with the robbery of Fidelity Bank in 2016, he has only been charged under the current Indictment for four months. Winans does not cite any authority to support his assertion that the entire three-year period should be considered for purposes of determining whether his right to a speedy trial has been violated.

Even assuming that the entire three-year period should be considered in determining

---

[125] *Id.* (citing *Doggett*, 505 U.S. at 652).

[126] *United States v. Kelley*, 18 F.3d 936, at *1 (5th Cir. 1994) (citing *United States v. Hill*, 622 F.2d 900 (5th Cir. 1980); *United States v. Harrison*, 918 F.2d 469, 474 (5th Cir. 1990).

[127] Rec. Doc. 15 at 15.

[128] *Id.*

[129] *Id.* at 16.

whether Winans' right to a speedy trial has been violated, the reason for the delay is not solely attributable to the Government. Winans did not go to trial on Count One at the same time as the other counts because the Court granted his motion to sever Count One. Additionally, the sentencing hearing for Counts Two through Nine was continued numerous times because the First Step Act of 2018 was enacted during the period between trial and sentencing. Winans received a substantial benefit from the enactment of the First Step Act because the mandatory minimum sentences he faced were reduced from 82 years imprisonment to 28 years imprisonment. The decision of whether and when to reindict Winans was solely that of the U.S. Attorney. Additionally, although Winans has diligently asserted his Sixth Amendment right, he has not shown how his defense will be prejudiced by the delay. Although Mr. Toale has withdrawn from the case, Winans is currently represented by competent court-appointed counsel. Furthermore, while it is true that Winans remains incarcerated in a local jail awaiting trial in this case, Winans is currently serving a sentence of 30 years imprisonment following his convictions on other charges and he has not shown any real prejudice arising from a delay in his transfer to the custody of the Bureau of Prisons. Therefore, Winans has not shown that his speedy trial right was violated or that dismissal of the Indictment is warranted under Federal Rule of Criminal Procedure 48(b).

## V. Conclusion

For the reasons discussed above, Winans has not shown that the Court's December 22, 2017 and December 14, 2018 Orders were erroneous or that reconsideration of those Orders is warranted. Additionally, Winans has not shown that the filing of the May 16, 2019 Indictment violated the Speedy Trial Act. Finally, Winans has not shown that his speedy trial right was violated or that dismissal of the Indictment is warranted under Federal Rule of Criminal Procedure

48(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dwayne Winans Jr.'s "Motion to Dismiss Indictment with Prejudice"[130] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  26th  day of September, 2019.

NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[130] Rec. Doc. 15